UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS COLÓN-ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF THE ARMY,<br><br>    Defendant. | Civil No. 09-1525 (JAF) |

**OPINION AND ORDER**

Plaintiff brought this action under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to e-17, alleging discrimination on the basis of her national origin. (Docket No. 1.) Defendant moves for summary judgment under Federal Rule of Civil Procedure 56(c). (Docket Nos. 18; 19; 20.) Plaintiff opposes (Docket Nos. 21; 22), and Defendant responds (Docket No. 25).

**I.**

**Factual Synopsis**

We derive the following facts from the parties' motions, statements of material facts, and exhibits. (Docket Nos. 18; 19; 20; 21; 22; 25.) Plaintiff is currently employed by Defendant as the Education Liaison and Outreach Services director at Fort Buchanan, in San Juan, Puerto Rico. In June 2007, when she applied for this position, she lived in South Korea

Civil No. 09-1525 (JAF)                                                                                                    -2-

with her husband.  Defendant claims that she lived there under a visa status that precluded her from making South Korea her place of permanent residence.  Defendant also maintains that Plaintiff's permanent residence was at all times Puerto Rico, where Plaintiff lived and worked for Defendant prior to having moved to South Korea.  Plaintiff claims that at the time she applied for her current position, her permanent residence was South Korea.

On January 8, 2008, Plaintiff and Defendant completed a transportation agreement, which guaranteed Plaintiff particular benefits related to her move to Puerto Rico and which expired on January 11, 2009.  (See Docket Nos. 20-4; 21-3.)  Plaintiff states that she was guaranteed those benefits for a minimum of two years.  (Docket No. 21-1 at 1.)  On November 18, 2008, Plaintiff requested an extension of the transportation agreement, and Defendant denied that request on November 28, 2008.

Plaintiff claims that Defendant denied the extension because she is of Puerto Rican descent.  Defendant explains that she was denied the extension because her home of record was always Puerto Rico; as a permanent resident of Puerto Rico, Plaintiff was appointed to her current position as an employee returning to her home of record.  As such, Defendant explains, she was always ineligible for a transportation agreement lasting beyond one year. Plaintiff counters that her home of record was South Korea when she applied for her current position and that Defendant's determination that her home of record was Puerto Rico was based entirely on her national origin.

Civil No. 09-1525 (JAF) -3-

## II.

## **Summary Judgment Under Rule 56(c)**

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Civil No. 09-1525 (JAF)                                                                                          -4-

## III.

## Analysis

Defendant argues that he is entitled to summary judgment because, inter alia,[1] Plaintiff cannot make the showings required to prevail on a Title VII claim, under a theory of either disparate treatment or disparate impact. (Docket No. 19 at 7–17.)

**A.      Disparate Treatment**

To prove a claim of disparate treatment, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position and met her employer's expectations; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the protected class received more favorable treatment. See Prescott v. Higgins, 538 F.3d 32, 41 (1st Cir. 2008).

In this case, Plaintiff has made no showing of more favorable treatment of a similarly situated non–Puerto Rican. The closest she comes is stating via affidavit that "Ms. Kathleen Hamburg transferred from Germany to Puerto Rico on a two year transportation agreement." (Docket No. 21-1 at 2.) This falls far short of establishing that Ms. Hamburg is both outside the protected class and situated similarly to Plaintiff. In addition, Plaintiff fails to establish

---

[1] Defendant advances two additional arguments for summary judgment in his favor: (1) Plaintiff failed to contact her EEOC counselor within forty-five days of the alleged adverse employment action; and (2) Plaintiff cannot obtain compensatory damages via this lawsuit because she failed to request same before the EEOC. (Docket No. 19 at 17–24.) Each pertains to Plaintiff's exhaustion of her administrative remedies, which does not affect this court's subject matter jurisdiction. See, e.g., Frederique-Alexandre v. Dep't of Natural & Envtl. Res. P.R., 478 F.3d 433, 440 (1st Cir. 2007) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Because we dismiss Plaintiff's complaint on other grounds, we decline to address these arguments.

Civil No. 09-1525 (JAF)                                                                                          -5-

her competence to testify as to Ms. Hamburg's situation. That being the case, Plaintiff's averment regarding Ms. Hamburg appears to be inadmissible hearsay, see Fed. R. Evid. 802, which we cannot consider on summary judgment, see Fed. R. Civ. P. 56(e)(1) ("[An] opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Given Plaintiff's failure to sustain a genuine issue of material fact as to whether a similarly-situated individual outside the protected class received more favorable treatment, we find Defendant entitled to summary judgment on Plaintiff's disparate treatment claim.

**B.     Disparate Impact**

To prove a claim of disparate impact, a plaintiff must (1) identify the challenged employment practice or policy and pinpoint the employer's use of it; (2) demonstrate a disparate impact on a group characteristic that falls within the protective ambit of Title VII; and (3) demonstrate a causal relationship between the identified practice and the disparate impact. EEOC v. Steamship Clerks Union, Local 1066, 48 F.3d 594, 601 (1st Cir. 1995), cert. denied, 516 U.S. 814 (1995). Generally, plaintiffs submit statistical proof to demonstrate a disparate impact on a group characteristic. See id. at 606; see also Bramble v. Am. Postal Workers Union, 135 F.3d 21, 26 (1st Cir. 1998) ("Statistics . . . are commonly a basic component of a disparate impact claim.").

Civil No. 09-1525 (JAF) -6-

Nowhere in the record does Plaintiff even mention the effect of the alleged unlawful discrimination on other Puerto Ricans. (See Docket Nos. 1; 21; 21-1.) Even if such an effect can be inferred from Plaintiff's submissions to date, she has failed to submit the evidence required to support it by this stage of her litigation. Plaintiff, therefore, fails to sustain a genuine issue of material fact as to whether the alleged discrimination affects other Puerto Ricans, and Defendant is entitled to summary judgment on Plaintiff's disparate impact claim.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendant's motion for summary judgment (Docket No. 18), and **DISMISS** Plaintiff's complaint (Docket No. 1) in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of August, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge